UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ARNOLD ANDERSON, | ) | |
| Petitioner, | ) | 2:07-cv-1420-RCJ-LRL |
| vs. | ) | **ORDER** |
| STATE OF NEVADA, *et al.*, | ) | |
| Respondents. | ) | |

Arnold Anderson, a prisoner at High Desert State Prison, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee for this action. (Docket #5). The petition shall now be filed and served on respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the Court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

On December 7, 2007, petitioner filed a motion for appointment of counsel. (Docket #3). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir. 1993). The decision to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert. denied*, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469

U.S. 838 (1984).  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.  *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir. 1970).  The petition on file in this action is well-written and sufficiently clear in presenting the issues that petitioner wishes to bring.  It does not appear that counsel is justified in this instance.  The motion shall be denied.

**IT IS THEREFORE ORDERED** that the Clerk shall **FILE and SERVE** the petition upon the respondents by certified mail.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition.  In their answer or other response, respondents shall address any claims presented by petitioner in his petition as well as any claims presented by petitioner in any Statement of Additional Claims.  Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default.  **Successive motions to dismiss will not be entertained**.  If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General.  The Court may disregard any paper that does not include a certificate of service.  After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

. . .

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel (Docket #3) is **DENIED.**

DATED: March 18, 2008

_____
UNITED STATES DISTRICT JUDGE

(ec)